UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD WILLIAMS, | ) | CASE NO. 5:05 CV 1939 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FIRST MERIT BANK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 5, 2005, plaintiff pro se Edward Williams filed this action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Privacy Act against First Merit Bank ("the Bank"), and Bank Loan Officer Elenore Hammond. In the complaint, plaintiff alleges that he was denied a loan on the basis of his race and his disability. He seeks $1,000,000.00 in compensatory damages and $3,000,000.00 in punitive damages. Mr. Williams also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

Mr. Williams states he contacted Ms. Hammond at First Merit Bank in September 2004

and arranged a meeting to discuss a Small Business Association ("SBA") Guaranteed Loan.  He intended to bring a draft copy of his business plan with the hope that the bank officer would assist him in refining it.  Due to a mis-communication, Mr. Williams arrived at the meeting at the Fairlawn branch of the Bank while Ms. Hammond believed the meeting to be at the branch in Copley.  Mr. Williams states he left his draft copy of the business plan with another bank employee and asked the employee to instruct Ms. Hammond to look it over before their next meeting.  Mr. Williams claims he did not intend to apply for a loan at that time.  Later that same day, Mr. Williams telephoned Ms. Hammond and asked her to review his business plan.  He claims Ms. Hammond indicated she would examine it and call him later in the week to reschedule their appointment.  He contends she never arranged this meeting.  Instead, he discovered the Bank had decided it would not extend credit to him.

Several reasons were given by the Bank for their refusal to grant the loan.  Mr. Williams was told his loan application was incomplete.  He claims he did not apply for a loan and did not fill out an application.  He also contends he was told his business plan was incomplete.  Again, he claims it was only a draft and was not intended to be used in a final loan application.  He indicates he was told he "had insufficient cash reserves." (Compl. at 3.)  He claims he has over $200,000.00 in property which could be used as collateral.  Although he acknowledges that his credit score would exclude him from approval for a conventional loan, he contends it should not have been a factor in the Bank's decision, because he had not yet applied for a loan or granted permission to the Bank to access his credit score.  He claims he was the victim of discrimination as Ms. Hammond "would not have accessed a Caucasian credit score without there [sic] permission." (Compl. at 3.)  Mr. Williams also asserts that unauthorized access to his credit report violated the Privacy Act.  Finally, Mr. Williams was told he did not meet the Bank's lending

criteria because he could not produce income tax returns for the previous two years. He indicates he did not have tax returns because he "was on disability." He believes denying him a loan on this basis is a violation of the Americans with Disabilities Act.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

*42 U.S.C. § 1983*

As an initial matter, Mr. Williams fails to state a claim for violations of the Fourteenth Amendment under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally, a person who acts under color of state law is a state government official. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

significant aid from state officials" and did so to such a degree that his or her actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). A private individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Ms. Hammond and First Merit Bank are not government actors and there is no indication in the complaint that they engaged in conduct which could reasonably be described as state action. They cannot be held liable for damages under 42 U.S.C. § 1983.

Furthermore, there are no allegations directed at First Merit Bank. All of the actions which give rise to Mr. Williams's claims were committed by employees of the Bank. It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). An employer may be deemed liable for the unconstitutional actions of it employees only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). The complaint contains no suggestion of an official policy or custom of First Merit Bank which may have resulted in a violation of Mr. Williams's federally protected rights.

*Americans with Disabilities Act*

Mr. Williams's claims under the ADA are also without merit. The ADA provides that, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. "Merely having an 'impairment' does not make one disabled for purposes of the ADA." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 195

(2002). Furthermore, a condition is "substantially limiting" to a "major life activity" only if impairs to a "considerable" or "large degree" those activities that are of central importance to daily life. Id. at 196-97. Although there is no exhaustive list of "major life activities," the Supreme Court has cited to the Rehabilitation Act regulations, which define major life activities to include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii); Toyota Motor Mfg., 534 U.S. at 195. In the present action, Mr. Williams merely alleges he "was on disability... ." (Compl. at 4.) He fails to set forth any facts in his pleading to reasonably suggest he has a condition which "substantially limits one or more major life activities." 42 U.S.C. § 12102(2).  Furthermore, even if Mr. Williams had established that he was disabled, to be a "qualified individual with a disability" under the statutes, Mr. Williams must "with or without reasonable modifications to rules, policies, or practices...meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity," 42 U.S.C. § 12131(2), and must demonstrate that he was denied the service or benefits "by reason of such disability." 42 U.S.C. § 12132. The pleading makes clear that Mr. Williams was denied a loan for multiple reasons, including his inability to produce proof of income, and a poor credit history. There is no indication that he met the Bank's essential eligibility requirements for the loan or that he was denied the loan by reason of his disability.

*Privacy Act*

Finally, Mr. Williams' reliance on the Privacy Act is misplaced. The Privacy Act of 1974, 5 U.S.C. § 552a, regulates the government's dissemination of records pertaining to individuals. See Cardamone v. Cohen, 241 F.3d 520, 524 (6th Cir.2001). An individual may sue a federal agency for

violation of the Privacy Act where he or she can establish that information in the form of a "record" contained in a "system of records" was disclosed by a federal agency; willfully or intentionally; and the disclosure had an adverse impact on the individual. Quinn v. Stone, 978 F.2d 126, 131 (3d Cir.1992). By the express terms of the statute, the Privacy Act only applies to federal agencies, not private entities. See Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir.1999); Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir.1983). First Merit Bank and Ms. Hammond are not government agencies.

It is possible that Mr. Williams intended to assert a claim under the Fair Credit Reporting Act (FCRA),15 U.S.C. §1681, et seq. The FCRA, a subchapter of the Consumer Credit Protection Act, requires consumer reporting agencies to adopt reasonable procedures for meeting the needs of the business community without sacrificing accuracy or confidentiality, thus operating in a manner which is fair and equitable to the consumer. (Pub.L. 90-321, Title VI, § 602, as added Pub.L. 91-508, Title VI, § 601, Oct. 26 1970, 84 Stat. 1128). Protecting consumers from the improper use of credit reports is an underlying policy of the FCRA. Jones v. Federated Financial Reserve Corp., 144 F.3d 961, 965 (6th Cir. 1998).

Mr. Williams alleges that Ms. Hammond or another employee of First Merit Bank must have accessed his credit report without his permission because he was denied a loan. In order to state a claim for improper access to a consumer credit report under 15 U.S.C. §§1681n and 1681q, Mr. Williams must allege that the defendants acted willfully and obtained the information under false pretenses. As a general rule, a person is proceeding under false pretenses when he or she (1) knowingly and willfully obtains a consumer report for a purpose that is not sanctioned by the FCRA and (2) fails to disclose his

or her true motivation to the consumer reporting agency. Duncan v. Handmaker,149 F.3d 424, 426 (6th Cir. 1998). There is no allegation that either of the defendants requested Mr. Williams's credit report for any reason that is not sanctioned by the FCRA. See 15 U.S.C. § 1681(b) (listing permissible purposes for use and provision of consumer reports).

### *Conclusion*

Accordingly, Mr. Williams's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: September 30, 2005                             s/     James S. Gwin
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

>  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.